# Supreme Court of Florida

_____

No. SC20-1054
_____

**BRETT A. BOGLE,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

May 27, 2021

PER CURIAM.

Brett A. Bogle, a prisoner under sentence of death, appeals the circuit court's order summarily denying his third successive motion for postconviction relief, which was filed under Florida Rule of Criminal Procedure 3.851.  We have jurisdiction.  *See* art. V, § 3(b)(1), Fla. Const.  For the reasons that follow, we affirm the postconviction court's denial of relief.

## Background

In 1992, Bogle was convicted of the first-degree murder of Margaret Torres, burglary with assault or battery, and retaliation

against a witness. *Bogle v. State* (*Bogle I*), 655 So. 2d 1103, 1104-05 (Fla. 1995). The trial judge sentenced Bogle to death after a second penalty phase resulted in a jury recommendation of death by a vote of ten to two. *Id.* at 1105. This Court affirmed Bogle's convictions and sentences on direct appeal, *id.* at 1110, and Bogle's death sentence became final in 1995.[1]

In his initial postconviction motion, Bogle challenged the hair analysis testimony of FBI agent Michael Malone. *Bogle v. State* (*Bogle II*), 213 So. 3d 833, 844 (Fla. 2017). This Court affirmed the denial of Bogle's initial postconviction motion and denied habeas relief. *Id.* at 855. In 2014, after he received a 2013 letter from the Department of Justice and the FBI regarding Malone's testimony, Bogle again challenged Malone's testimony in a second successive postconviction motion. *Bogle v. State* (*Bogle III*), 288 So. 3d 1065, 1067 (Fla. 2019). In this second successive postconviction motion, Bogle cited the 2013 letter as newly discovered evidence that Malone's trial testimony overstated the reliability of microscopic hair comparison. *Id.* In September 2017, the circuit court entered

---

1. *Bogle v. Florida,* 516 U.S. 978 (1995) (cert. denied).

an order summarily denying Bogle's second amended successive postconviction motion, finding that the newly discovered evidence claim regarding the 2013 letter was procedurally barred. *Id.* at 1068. This Court affirmed the circuit court's summary denial of relief. *Id.* at 1069.

On October 10, 2017, Bogle filed a third successive postconviction motion alleging that a 2017 letter from the United States Senate Judiciary Committee requesting information from the FBI regarding Malone's testimony constituted newly discovered evidence of both *Brady*[2] and *Giglio*[3] violations. The 2017 letter referenced two internal FBI memoranda from 1991 and a third memorandum from 1997, but overall the 2017 letter contained the same claims about Malone's testimony that were the subject of Bogle's previous postconviction motion regarding the 2013 letter. Bogle argued that the information in the 2017 letter undermines confidence in the outcome of his trial and sentencing, and warrants an evidentiary hearing and a new trial or sentencing proceeding.

---

2. *Brady v. Maryland*, 373 U.S. 83 (1963).

3. *Giglio v. United States*, 405 U.S. 150 (1972).

The circuit court summarily denied relief on June 17, 2020, concluding that Bogle's claim was procedurally barred. This appeal followed.

## Analysis

Bogle challenges the summary denial of his newly discovered evidence claim based on the 2017 letter. This Court reviews the postconviction court's decision to summarily deny Bogle's third successive postconviction motion *de novo*. *Duckett v. State*, 231 So. 3d 393, 398 (Fla. 2017). Summary denial of a successive postconviction motion is appropriate "[i]f the motion, files, and records in the case conclusively show that the movant is entitled to no relief." Fla. R. Crim. P. 3.851(f)(5)(B).

As we have previously held, Bogle cannot use a successive 3.851 motion to litigate issues that he could have raised in his initial postconviction motion. *Bogle III*, 288 So. 3d at 1068 (citing Fla. R. Crim. P. 3.851(e)(2); *Schwab v. State*, 969 So. 2d 318, 325 (Fla. 2007)). The issues which Bogle has raised in the present case are not distinguishable from those raised in his previous postconviction motions.

In his first rule 3.851 postconviction motion, Bogle alleged a *Brady* violation because the State did not furnish Malone's bench notes to the defense team. *Bogle II*, 213 So. 3d at 844. The bench notes revealed a contradiction with Malone's hair-matching testimony, which Malone explained as a transcription error. *Id.* This Court concluded that no *Brady* violation had been demonstrated. *Id.* In his second rule 3.851 postconviction motion, Bogle alleged that the State withheld exculpatory evidence about the asserted unreliability of Malone's testimony (in violation of *Brady*) and knowingly presented Malone's "false" testimony (in violation of *Giglio*). *Bogle III*, 288 So. 3d at 1068.

In the present case, Bogle alleges that the 2017 letter establishes that the State was aware of the limits of hair comparison but still presented Malone's testimony that overstated the results of hair analysis. The postconviction court concluded that the information surrounding the reliability of Malone's testimony has already been "litigated, denied, and affirmed on appeal." We agree with the postconviction court's analysis. Bogle's present complaint regarding the 2017 letter contains nothing that was not pursued in Bogle's previous postconviction motions or at

the time of his 3.851 evidentiary hearing. The existence of a new document that refers to the same information previously determined not to justify relief does not qualify as newly discovered evidence. *See Duckett v. State*, 231 So. 3d 393 (Fla. 2017) (2014 review of Malone's hair analysis did not constitute newly discovered evidence).

Because Bogle fails to allege new or different grounds for relief, his claim is procedurally barred as successive under Florida Rule of Criminal Procedure 3.851(e)(2), which states:

> A motion filed under this rule is successive if a state court has previously ruled on a postconviction motion challenging the same judgment and sentence. A claim raised in a successive motion shall be dismissed if the trial court finds that it fails to allege new or different grounds for relief and the prior determination was on the merits; or, if new and different grounds are alleged, the trial court finds that the failure to assert those grounds in a prior motion constituted an abuse of the procedure; or, if the trial court finds there was no good cause for failing to assert those grounds in a prior motion; or, if the trial court finds the claim fails to meet the time limitation exceptions set forth in subdivision (d)(2)(A), (d)(2)(B), or (d)(2)(C).

Even assuming that Bogle's claim is not procedurally barred, we conclude that Bogle has failed to demonstrate that the alleged newly discovered evidence—the 2017 letter—is of such a nature

that it would likely produce an acquittal on retrial. First, the hair evidence was not the only evidence supporting a conviction in the present case. This Court previously determined that "Bogle had the motive to kill Torres and had threatened her life," *Bogle II*, 213 So. 3d at 846, and that Bogle was seen after the murder and "his forehead was scratched, his clothes were dirty, and his crotch was wet." *Id.* at 838 (quoting *Bogle I*, 655 So. 2d at 1105). Moreover, "Bogle's DNA profile was the sole match to the semen found on the vaginal swabs [from the victim] . . . ." *Id.* at 851. Finally, mitochondrial DNA testing conducted after the trial has now confirmed that the pubic hair found on Bogle's pants was consistent with the victim's profile. *Id.* at 843; *Bogle III*, 288 So. 3d at 1069 ("DNA evidence showing that Bogle's semen was in the murder victim's body and underwear overwhelms the significance of Malone's testimony that a pubic hair of the victim was on Bogle's pants."). In light of this evidence, the exclusion of Malone's hair testimony would not have resulted in an acquittal.

## Conclusion

For the foregoing reasons, we affirm the postconviction court's summary denial of Bogle's third successive motion for postconviction relief.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Hillsborough County,
  Michelle Sisco, Judge – 291991CF012952000AHC

Todd G. Scher of Law Office of Todd G. Scher, P.L., Hollywood, Florida,

  for Appellant

Ashley Moody, Attorney General, Tallahassee, Florida, and Timothy A. Freeland, Senior Assistant Attorney General, Tampa, Florida,

  for Appellee